# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNTU AKILI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAUL COPENHAVER,<br><br>　　　　Respondent. | Case No. 1:14-cv-00371-BAM-HC<br><br>ORDER TO RESPONDENT TO SHOW CAUSE NO LATER THAN TWENTY (20) DAYS AFTER SERVICE OF THIS ORDER WHY SANCTIONS SHOULD NOT BE IMPOSED FOR RESPONDENT'S FAILURE TO COMPLY WITH AN ORDER OF THE COURT (DOC. 11)<br><br>ORDER DIRECTING RESPONDENT TO FILE NO LATER THAN THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER A RESPONSE TO THE PETITION AND OPPOSITION OR NOTICE OF NON-OPPOSITION TO PETITIONER'S MOTIONS TO EXPAND THE RECORD AND FOR IMMEDIATE RELEASE (DOCS. 1, 3, 14)<br><br>BRIEFING SCHEDULE<br><br>INFORMATIONAL ORDER TO RESPONDENT |

　　　Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed

1

by the parties or their representatives and filed by Petitioner on March 27, 2014, and on behalf of Respondent on March 19, 2014.

I. Background

Petitioner filed the petition for writ of habeas corpus and a motion to expand the record on March 17, 2014. On March 20, 2014, Respondent was directed to file a response to the petition and to the motion no later than sixty days after service. The Court's order was electronically served on Respondent's counsel. Thus, it is clear that Respondent had ample notice of the order. Although over sixty days have passed since the Court issued the order, Respondent has not filed a response to the petition or opposition to the motion or notice of non-opposition.

On June 13, 2014, Petitioner filed a motion for immediate release based on his actual innocence and Respondent's failure to comply with the Court's order.

II. Respondent to Show Cause Why Sanctions Should Not Be Imposed

A failure to comply with an order of the Court may result in sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 110; Chambers v. NASCO, Inc., 501 U.S. 31, 42-43 (1991). Local Rule 110 provides that a failure of counsel or of a party to comply with the Local Rules or with any order of the Court may be grounds of imposition by the Court of any and all sanctions authorized by statute, rule, or within the inherent power of the Court. A Court may impose monetary sanctions, payable to the Court, in the nature of a fine pursuant to the Court's inherent powers where the Court finds that the offending conduct was

undertaken in bad faith.  Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989).  Monetary sanctions may be imposed for violation of a local rule upon a finding of conduct amounting to recklessness, gross negligence, or repeated unintentional flouting of court rules.  Id. at 1480.  Sanctions should not be imposed without giving counsel notice and an opportunity to be heard.  Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522-23 (9th Cir. 1983).

    Here, Respondent has failed to comply with an order of the Court under circumstances such that it appears that Respondent had notice of the order and the ability to comply.  The Respondent's failure has resulted in delay in readying Petitioner's petition and motion for decision.  It has further required the application of the Court's scarce resources to efforts to enforce an order that should require no policing, but rather should depend for its effectuation upon the professionalism of Respondent's counsel and the good will of the pertinent party to the action, which here is Respondent.

    Respondent will be given an opportunity to show cause why sanctions should not be imposed.

    Respondent is INFORMED that a failure to respond to this order will be understood to be a wilful failure to comply with an order of the Court.

    III.   Respondent's Obligation to File a Response to the Petition and Opposition or Notice of Non-Opposition to Petitioner's Motions

    Pursuant to this Court's order of March 20, 2014, Respondent continues to have an obligation to file a response to the petition and opposition or notice of non-opposition to Petitioner's motion for expansion of the record.

IV. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) No later than twenty (20) days after the date of service of this order, Respondent shall SHOW CAUSE in writing why sanctions should not be imposed for Respondent's failure to comply with the Court's order to respond; and

2) No later than thirty (30) days after the date of service of this order, Respondent shall FILE a response to the petition and opposition or notice of non-opposition to Petitioner's motions for expansion of the record and for immediate release; and

3) If Petitioner decides to file a traverse to an answer, opposition to a motion, or reply to any opposition that Respondent submits in response to this order, Petitioner shall FILE it no later than thirty (30) days after the date of service of Respondent's document.

Respondent is INFORMED that a failure to comply with this order shall be considered to be a wilful failure to comply with an order of the Court.

IT IS SO ORDERED.

Dated:   **June 24, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

4