1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **EASTERN DISTRICT OF CALIFORNIA**

9

10

| | |
|---|---|
| 11 MUNTU AKILI, | Case No. 1:14-cv-00371-BAM-HC |
| 12     Petitioner, | ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 15) |
| 13 | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 22) |
| 14   v. | AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK |
| 15 | OF SUBJECT MATTER JURISDICTION (DOC. 1) |
| 16 | |
| 17 PAUL COPENHAVER, | ORDER DISMISSING PETITIONER'S MOTIONS AS MOOT (DOCS. 3, 4, 14, 18), DECLINING TO ISSUE A |
| 18     Respondent. | CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE |
| 19 | THE CASE |

20

21     Petitioner is a federal prisoner proceeding pro se and in forma

22 pauperis with a petition for writ of habeas corpus pursuant to 28

23 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have

24 consented to the jurisdiction of the United States Magistrate Judge

25 to conduct all further proceedings in the case, including the entry

26 of final judgment, by manifesting their consent in writings signed

27 by the parties or their representatives and filed by Petitioner on

28 March 27, 2014, and on behalf of Respondent on March 19, 2014.

    Pending before the Court is Respondent's motion, filed on

1

August 14, 2014, to dismiss the petition for lack of subject matter jurisdiction because Petitioner challenges his conviction and sentence and not the execution of his sentence, and further because no circumstances render Petitioner's remedy under § 2255 inadequate or ineffective.  Petitioner filed opposition to the motion on September 8, 2014.  Although the time for filing a reply has passed, no reply has been filed.

I.   Background

A.   The Present Proceedings

Petitioner filed the petition for writ of habeas corpus, a motion to expand the record, and a motion to recognize the spelling of his first name on March 17, 2014.  In the petition, Petitioner challenges his conviction of conspiracy to commit armed bank robbery and the enhancement of his sentence for being a career offender.  On March 20, 2014, Respondent was directed to file a response to the petition and to the motions no later than sixty days after service.

On June 13, 2014, Petitioner filed a motion for immediate release based on his actual innocence and Respondent's failure to comply with the Court's order in a timely fashion.  On June 25, 2014, the Court ordered Respondent to show cause why sanctions should not be imposed for Respondent's failure to comply with the Court's order to file a response to the petition.  On the same day, Respondent filed a response to the order to show cause.[1]  On July 21, 2014, Petitioner filed a motion to strike the government's response and a motion for immediate release.

///

---

[1] The Court will discharge the order to show cause and will not impose sanctions because Respondent has responded to the order to show cause, Respondent's delay was inadvertent, and there is no prejudice.

2

B.  <u>Petitioner's Convictions, Sentences, and Applications</u>
    <u>for Relief</u>

In 1993, Petitioner, who was then known as Darrin Austin, was convicted at a jury trial in the United States District Court for the Northern District of Ohio of possession of cocaine with intent to distribute, and Petitioner was sentenced to 264 months in prison. (Mot., exh. 5, doc. 22-1 at 52-53 [case no. 93-cr-353 (N.D. Ohio, June 10, 1994)].)  On appeal, the Sixth Circuit affirmed.  (<u>Id.</u>, exh. 7, doc. 22-1 at 65-67 [order, no. 11-4055 (6th Cir. Aug. 2, 2012)].)

In 1994, a jury in the Northern District of Ohio convicted Petitioner, who was still using the name Darrin Austin, of armed robbery (count 1), using a firearm to commit armed bank robbery (count 2), conspiracy to commit armed bank robbery (count 15), and being a felon in possession of a firearm (count 17).  (Mot., exh. 1, doc. 22-1 at 12-13 [no. 94-cr-68 (N.D. Ohio), docs. 157-161]; exh. 2, doc. 22-1 at 29-43 [superseding indictment, no. 94-cr-68 (N.D. Ohio, Mar. 15, 1994)].)  The bank robbery charged in count 1 occurred on July 22, 1993, and the conspiracy to commit armed bank robbery occurred between July 22, 1993, and December 15, 1993. (<u>Id.</u>, exh. 2, doc. 22-1 at 30, 38.)  The district court sentenced Petitioner to 322 months of imprisonment to run concurrently with his federal sentence for cocaine distribution.  (<u>Id.</u>, exh. 1, doc. 22-1 at 14 [docs. 200-201]; exh. 4, doc. 22-1 at 46-47 [judgment, no. 94-cr-68]; exh. 7, doc. 22-1 at 65-66.)  The sentence as a career offender for both actions was based on two convictions in the Ohio state courts of attempted aggravated arson and drug trafficking.  (<u>Id.</u>, exh. 7, doc. 22-1 at 65-66; exh. 8, doc. 22-1 at

3

69-70 [mem. op., no. 12-CV-456 (W.D. Va., Oct. 15, 2012)].)   On May

15, 1996, the Sixth Circuit affirmed Petitioner's bank robbery

convictions and sentence.   United States v. Austin, 81 F.3d 161

(table) (6th Cir. 1996).   The Supreme Court denied certiorari in

June 1996.   Austin v. United States, 518 U.S. 1026 (1996).

While incarcerated on these sentences, Petitioner was convicted

in the United States District Court for the Western District of

Pennsylvania of assaulting another inmate.   On March 11, 2002,

Petitioner was sentenced to ten years in prison to be served

consecutively to his existing sentences from the Northern District

of Ohio.   (Mot., exh. 6, doc. 22-1 at 57-58 [judgment, no. 01-cr-2

(W.D. Penn., Mar. 11, 2002)].   The Third Circuit affirmed the

judgment.   United States v. Akili, no. 01-4413, 56 Fed.Appx. 562

(3rd Cir. Dec. 18, 2002).

Petitioner filed numerous applications for relief pursuant to

28 U.S.C. § 2255.   Petitioner filed his first § 2255 motion in the

Northern District of Ohio on April 21, 1997, using the name Mtu (not

Muntu) Akili.   (Mot., exh. 1, doc. 22-1 at 18 [doc. 278].)   The

motion was denied on June 17, 1997, and both the District Court and

the Sixth Circuit denied a certificate of appealability.   (Id., exh.

1, doc. 22-1 at 19-22 [docs. 308, 324, 342].)   In Petitioner's next

motion, which was styled as a motion for correction of a clerical

error pursuant to Fed. R. App. P. 36 and filed on August 1, 2011,

Petitioner argued that his federal drug trafficking conviction

should not have counted in his criminal history because he was

arrested on that charge during the time of the investigation of the

bank robberies.   The district court denied the motion, finding that

the issue was not one of clerical error, but rather was a disguised

4

§ 2255 challenge to his sentence.  The Sixth Circuit affirmed. (Id., exh. 1, doc. 22-1 at 25-26 [docs. 483, 486, 501, 503]; exh. 7, doc. 22-1 at 65 [order, no. 11-4055].)  Petitioner filed a second § 2255 motion on March 16, 2012, in which he argued that his attempted aggravated arson conviction did not qualify as a crime of violence under the career offender enhancement because he was granted probation in the arson case.  (Id., exh. 1, doc. 22-1 at 26 [doc. 492].)  On March 21, 2012, the district court denied the motion, finding that Petitioner had failed to obtain an order authorizing a second or successive § 2255 motion.  (Id., exh. 11, doc. 22-1 at 82-83 [order, nos. 1:12-cv-675 and 1:94-cr-68 (N.D. Ohio, Mar. 21, 2012)].)

On April 13, 2012, Petitioner filed an application in the trial court for a writ of audita querela pursuant to 28 U.S.C. § 1651(a). (Mot., exh. 1, doc. 22-1 at 26 [doc. 494]; exh. 9, doc. 22-1 at 74-76 [order, no. 94-cr-68 (N.D. Ohio, May 14, 2012)].)  Petitioner argued that his aggravated arson conviction did not qualify as a crime of violence under the career offender enhancement because he was granted probation in the arson case.  Id.  The petition was denied because the claim was not cognizable in a § 2255 motion, from which Petitioner was foreclosed.  (Id.)

On September 27, 2012, Petitioner filed in the United States District Court for the Western District of Virginia his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenged his sentences in all three cases (bank robbery, drug trafficking, and assault), arguing that in his bank robbery case, he was improperly found to be a career offender because he had received sentences of probation on his prior state offenses.  On

5

October 12, 2012, the petition was dismissed without prejudice because Petitioner had failed to show actual innocence or that the remedy by way of § 2255 was inadequate or ineffective.  (Mot., exh. 8, doc. 22-1 at 69-72 [mem. op., no. 7: 12-CV-456 (W.D. Va., Oct. 15, 2012)].)

On March 27, 2013, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b), contending that the district court did not adjudicate one of his claims from his original § 2255 motion filed in April 1997.  (Mot., exh. 1, doc. 22-1 at 27 [doc. 505]; exh. 10, doc. 22-1 at 78-80 [order, no. 13-3586 (6th Cir., Apr. 25, 2014)].) The district court denied the motion because Petitioner had previously filed two § 2255 motions that had been denied, and his Rule 60(b) motion did not present any reason to justify relief. (Id., exh. 10, doc. 22-1 at 78-81.)  The Sixth Circuit denied a certificate of appealability because Petitioner had not made a substantial showing of the denial of a federal constitutional right. (Id. at 80.)

On June 11, 2013, while housed in Terra Haute, Petitioner filed a second habeas petition pursuant to § 2241.  After Petitioner's relocation to Victorville FCI, the petition was transferred to the Central District of California.  With respect to his conspiracy conviction, Petitioner contended that he was actually innocent of at least some of the seven underlying bank robberies due to having been in custody on a 1993 cocaine trafficking charge at the time of the final three robberies.  Further, Petitioner argued that he had in effect withdrawn from any conspiracy to commit those robberies by virtue of Petitioner's post-arrest isolation from the other defendants during the time that he was in custody.  On February 5,

6

2014, the petition was dismissed as an abusive application pursuant to § 2255 after Petitioner's previous appeals and applications pursuant to §§ 2255 and 2241; it was noted that Petitioner still had the opportunity to assert his actual innocence in the Sixth Circuit by seeking leave to file a second or successive § 2255 motion. (Id., exh. 12, doc. 22-1 at 85-89 [order, no. CV 14-539 DSF (RZ) (C.D.Cal., Feb. 5, 2014)].)

II.   Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto.  28 U.S.C. § 2243.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241.  Habeas Rule 1(b).  Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition.  Rule 4, Advisory Committee Notes, 1976

Adoption and 2004 Amendments.  This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption.  Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by the respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody.  Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996).  However, in light of the broad language of Rule 4, it has been held in this circuit that motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable claim under federal law, O'Bremski v. Maas, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982).

Analogously, a motion to dismiss a petition for a lack of subject matter jurisdiction is appropriate in the present proceeding because where a petitioner claims that § 2255 provides an ineffective remedy, the district court in which the petition is brought is required initially to rule whether a § 2241 remedy is

8

1 available under the savings clause of § 2255.  Hernandez v.

2 Campbell, 204 F.3d 861, 866 (9th Cir. 2000).

3     Accordingly, the Court will consider the motion pursuant to its

4 authority under Habeas Rule 4.

5     III.   Subject Matter Jurisdiction

6     A court will not infer allegations supporting federal

7 jurisdiction; a federal court is presumed to lack jurisdiction in a

8 particular case unless the contrary affirmatively appears, and thus

9 federal subject matter jurisdiction must always be affirmatively

10 alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated

11 Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.

12 1989).  When a federal court concludes that it lacks subject matter

13 jurisdiction, the court must dismiss the action.  Arbaugh v. Y&H

14 Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's

15 Office, 657 F.3d 890, 894 (9th Cir. 2011).

16     A federal prisoner who wishes to challenge his conviction or

17 sentence on the grounds it was imposed in violation of the

18 Constitution or laws of the United States or was otherwise subject

19 to collateral attack must do so by way of a motion to vacate, set

20 aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C.

21 § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006);

22 Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such

23 cases, the motion must be filed in the district where the defendant

24 was sentenced because only the sentencing court has jurisdiction.

25 Hernandez v. Campbell, 204 F.3d at 864; Tripati, 843 F.2d at 1163.

26 Generally, a prisoner may not collaterally attack a federal

27 conviction or sentence by way of a petition for a writ of habeas

28 corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d

1   at 897;  Tripati, 843 F.2d at 1162.

2       In contrast, a federal prisoner challenging the manner,

3   location, or conditions of that sentence's execution must bring a

4   petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v.

5   United States, 610 F.2d 672, 677 (9th Cir. 1990).

6       Petitioner here characterizes the gravamen of his claims as

7   relating to the manner in which his sentence is being executed.

8   (Pet., doc. 1, 9.)  However, Petitioner's claims are essentially

9   claims of an unauthorized conviction and unauthorized sentence.

10          A.   Inadequate or Ineffective Remedy

11       Petitioner argues that if he is challenging his conviction and

12   sentence, he is entitled to proceed pursuant to 28 U.S.C. § 2241

13   because § 2255 is inadequate and ineffective due to his actual

14   innocence of the conspiracy and his lack of an unobstructed

15   procedural shot at presenting his claim.

16       Title 28 U.S.C. § 2255(e) provides as follows:

17       An application for a writ of habeas corpus in behalf
         of a prisoner who is authorized to apply for relief by
18       motion pursuant to this section, shall not be entertained
         if it appears that the applicant has failed to apply
19       for relief, by motion, to the court which sentenced him,
         or that such court has denied him relief, unless it
20       also appears that the remedy by motion is inadequate or
         ineffective to test the legality of his detention.
21

22   28 U.S.C. § 2255(e).

23

24       A federal prisoner authorized to seek relief under § 2255 may

25   seek relief under § 2241 only if he can show that the remedy

26   available under § 2255 is "inadequate or ineffective to test the

27   legality of his detention."  United States v. Pirro, 104 F.3d 297,

28   299 (9th Cir. 1997) (quoting § 2255).  Although there is little

                                   10

guidance on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow. Id.; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

The AEDPA limits the circumstances under which a petitioner may file a second or successive motion pursuant to § 2255:

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain—
>     1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a whole, would

11

```
be sufficient to establish by clear and convincing
evidence that no reasonable factfinder would have
found the movant guilty of the offense; or
       2) a new rule of constitutional law, made
retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable.
```

28 U.S.C. § 2255(h).

In this case, because Petitioner challenges his underlying conviction and sentence and not errors in the administration of his sentence, the petition appears to come within the scope of 28 U.S.C. § 2255(a). Such challenges are to be brought in a motion pursuant to § 2255 to vacate, set aside, or correct the sentence.

Petitioner argues that he brought an earlier motion pursuant to § 2255, which was denied. However, denial of a previous § 2255 motion is insufficient by itself to render the § 2255 remedy inadequate. Aronson v. May, 85 S.Ct. at 5. The mere failure to meet the statutory bar for successive motions does not render the remedy under § 2255 inadequate or ineffective pursuant to 28 U.S.C. § 2255(e) and (h). See, Moore v. Reno, 185 F.3d at 1055. The authority of federal courts to grant habeas relief under § 2241 is limited by § 2255. Tripati v. Henman, 843 F.2d at 1162.

Further, as the Central District noted, Petitioner still has the opportunity to assert his actual innocence in the Sixth Circuit by seeking leave to file a second or successive § 2255 motion on that ground. (Mot., exh. 12, doc. 22-1 at 88-89 [order, no. CV 14-539 DSF (RZ) (C.D.Cal., Feb. 5, 2014)].)[2]

_____

[2] The United States District Court for the Central District stated the following:

Here, the hatch must remain shut. Petitioner satisfies the first of Stephens' two tests for opening the hatch by asserting he is actually innocent. But he plainly does not satisfy the second test. He has had at

12

### B.  Actual Innocence of the Conspiracy Charge

Petitioner argues that his remedy pursuant to § 2255 is inadequate because he is actually innocent of the conspiracy. He contends that his participation in the conspiracy was limited because his arrest and incarceration during the conspiracy effectuated a de facto withdrawal from the conspiracy.

Although authority in this circuit is limited, it is recognized that the § 2255 remedy is inadequate and ineffective, and thus a petition pursuant to § 2241 is available, when the petitioner 1) claims to be factually innocent of the crime for which he has been convicted, and 2) has never an "unobstructed procedural shot" at presenting the claim. Stephens v. Herrera, 464 F.3d at 898.

### 1.  Factual Innocence

A claim of actual innocence for purposes of the "escape hatch" of § 2255 is assessed by the test stated in Bousley v. United States, 523 U.S. 614, 623 (1998), which in turn requires that the

least one "unobstructed procedural shot" at presenting his current arguments, and he likely has had several shots. Petitioner already was aware, during the bank robbery trial, of the facts underlying his current "actual innocence" arguments – namely, again, that (1) he could not have personally participated in the final three of seven robberies because he was jailed on cocaine-trafficking charges when they occurred, and (2) his post-arrest isolation effectively withdrew him from any conspiracy to rob. Either Petitioner chose not assert these arguments at trial or they proved unpersuasive to the jury. Petitioner also had the opportunity to present these arguments on direct review, in his petition for certiorari, in his § 2255 motion and in his Western District of Virginia § 2241 petition. He does not appear to have sought leave in the Sixth Circuit to file a second § 2255 motion in the Northern District of Ohio, but he had and still has the opportunity to assert his actual-innocence arguments in the Sixth Circuit in seeking such leave. The fact that Petitioner did not take and hit his "shots" earlier does not render § 2255 "inadequate or ineffective." It is too late to present these arguments now, at least in this Court and in a § 2241 petition. Habeas relief is unavailable.

(Mot., exh. 12, doc. 22-1 at 88-89.)

13

1 petitioner demonstrate that in light of all the evidence, it is more

2 likely than not that no reasonable juror would have convicted him.

3 Stephens, 464 F.3d at 898.   Petitioner bears the burden of proof on

4 this issue by a preponderance of the evidence, and he must show not

5 just that the evidence against him was weak, but that it was so weak

6 that "no reasonable juror" would have convicted him.   Lorentsen v.

7 Hood, 223 F.3d 950, 954 (9th Cir. 2000).   "[S]uch a claim requires

8 petitioner to support his allegations of constitutional error with

9 new reliable evidence—whether it be exculpatory scientific evidence,

10 trustworthy eyewitness accounts, or critical physical evidence—that

11 was not presented at trial."   Schlup v. Delo, 513 U.S. 298, 324

12 (1995).

13      Here, Petitioner has not provided any new evidence or factual

14 argument based on new facts.   Instead, Petitioner challenges his

15 conspiracy conviction based on his having been arrested and put in

16 custody on October 20, 1993, when the conspiracy allegedly continued

17 through December 15, 1993.   Petitioner argues that he could not have

18 committed the last three of the seven bank robberies that

19 constituted the target offenses of the conspiracy; further, by

20 virtue of his custodial status and the evidence of record, he could

21 not have directed or participated in these three robberies, aided

22 their commission, or shared in the proceeds.   Petitioner appears to

23 argue that he necessarily withdrew from any conspiracy based on his

24 custodial status.   Petitioner concludes that no jury could

25 reasonably have found him guilty of the conspiracy charge based on

26 his partial participation.   (Pet., doc. 1, 12.)

27      Petitioner's challenge does not undercut a finding on an

28 element of conspiracy or render it improbable that reasonable jurors

14

1    would convict him.  With respect to Petitioner's guilt of the

2    conspiracy count, it is sufficient for Petitioner to have been a

3    party to the general conspiratorial agreement; he need not have

4    known the full extent of the enterprise or have participated in

5    every aspect or phase of the conspiracy.  United States v. Beverly,

6    369 F.3d 516, 532 (6th Cir. 2004); United States v. Ross, 190 F.3d

7    446, 450 (6th Cir. 1999).  Petitioner was convicted of having

8    committed the first bank robbery on July 22, 1993 (count 1), which

9    constituted an overt act toward the completion of the conspiracy.

10   His later incarceration on drug trafficking charges does not appear

11   to have constituted a withdrawal.  This is because mere cessation of

12   activity in furtherance of an illegal conspiracy does not

13   necessarily constitute withdrawal; rather, the accused must present

14   evidence of some affirmative act of withdrawal, usually either a

15   complete confession to the authorities or communication to his co-

16   conspirators that he has abandoned the enterprise and its goals.

17   United States v. Chambers, 944 F.2d 1253, 1265 (6th Cir. 1991).

18   Further, withdrawal is not a defense when the object of the

19   conspiracy has been completed, or the defendant has committed an

20   overt act toward its completion.  Id.

21        The Court concludes that Petitioner has not shown that it is

22   more likely than not that no reasonable juror would have convicted

23   him of conspiracy.  Petitioner has not shown actual or factual

24   innocence.

25                  2.  Opportunity to Raise His Claims

26        In an abundance of caution, the Court proceeds to consider the

27   adequacy of Petitioner's opportunity to raise his claims.  In making

28   this determination, a court determines whether the basis of the

15

claim was available at the time of the direct appeal and the first § 2255 motion, and it considers whether 1) the legal basis for the petitioner's claim did not arise until after he had exhausted his direct appeal and his first § 2255 motion, and 2) whether the law changed in any way relevant to the petitioner's claim after the first § 2255 motion.  Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011).  An intervening court decision that effects a material change in the applicable law that forms the basis for a claim may warrant resort to relief pursuant to § 2241.  Id.  However, where a petitioner fails to raise a claim at trial or on direct appeal even though the legal basis for the claim was clear at those times, the petitioner has not shown that the claim was not available until after the filing of the first § 2255 motion.  Harrison v. Ollison, 519 F.3d 952, 960-61 (9th Cir. 2008); Ivy v. Pontesso, 328 F.3d at 1060.

Here, Petitioner knew of the legal basis for this claim at the time of his trial and appeal.  Petitioner has not shown that any relevant change in the law occurred after the first § 2255 motion.

In summary, Petitioner has not shown that he lacked an opportunity to raise his claim or that he was actually innocent.

C.  Challenge to Enhancement of Sentence

Petitioner seeks to have his sentence as a career offender vacated because his state drug trafficking conviction did not qualify as a controlled substance offense within the meaning of United States Sentencing Guidelines § 4B1.1 and 4B1.2(b).

Here, Petitioner does not allege facts that show his innocence of the underlying substantive offenses, but rather challenges an element of a sentencing enhancement.  His claim fails to show

16

that it would be more likely than not that he could have avoided a conviction altogether.  <u>Marrero v. Ives</u>, 682 F.3d 1190, 1193-94 (9th Cir. 2012), <u>cert</u>. <u>den.</u>, 133 S.Ct. 1264 (2013) (holding that a purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch).

In summary, Petitioner has not shown that his remedy by way of § 2255 is inadequate or ineffective.  Accordingly, the petition will be dismissed for lack of subject matter jurisdiction.

Further, in light of the dismissal, the Court will dismiss as moot Petitioner's pending motions for immediate release, to expand the record, to recognize the spelling of his first name, and to strike Respondent's response.

## IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-</u>

El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

V.  Disposition

In accordance with the foregoing analysis, it is ORDERED that:

1)  The order to show cause that issued on June 25, 2014, is DISCHARGED; and

2)  Respondent's motion to dismiss the petition is GRANTED; and

3)  The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and

4)  Petitioner's pending motions are DISMISSED as moot; and

1      5)   The Court DECLINES to issue a certificate of appealability;

2  and

3      6)   The Clerk is DIRECTED to close the case.

4

5  IT IS SO ORDERED.

6      Dated:   **February 11, 2015**            /s/ *Barbara A. McAuliffe*

7                                        UNITED STATES MAGISTRATE JUDGE